UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-07-1198 |
| | : | |
| JUDGE JOHN KUHN, | : | (Judge McClure) |
| | : | |
| Defendant | : | |

## MEMORANDUM

July 9, 2007

**Background**

Jay A. Wivell ("Plaintiff"), an inmate presently confined at the Adams County Correctional Facility, Gettysburg, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is accompanied by an *in forma pauperis* application. For the reasons set forth below, Wivell's action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as sole Defendant is the Honorable John Kuhn of the Adams County Court of Common Pleas. Wivell states that on June 11, 2005, he suffered a mental and emotional breakdown and checked himself into a Maryland hospital. He was

subsequently removed from the hospital by Pennsylvania law enforcement officials and taken to the Adams County Prison.

His complaint asserts that although Judge Kuhn knew that Wivell had a mental disability and had been ordered to undergo a mental health evaluation which had not been performed, the Defendant nonetheless accepted Plaintiff's guilty plea. The Defendant also allegedly ignored the Plaintiff's mental health problems and the failure to perform the mental health evaluation during a Post Conviction Relief Act ("PCRA") proceeding. Wivell concludes that the actions taken by the Defendant during the course of his criminal proceedings were unconstitutional. As relief, Plaintiff seeks an award of monetary damages.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should

not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is initially noted that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power).  Accordingly, because the allegations

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

asserted against Judge Kuhn are based on actions taken by the Defendant in the exercise of his official duties, i.e., decisions rendered during the Plaintiff's criminal proceedings in the Adams County Court of Common Pleas, Judge Kuhn is entitled to absolute immunity from monetary damages.

Second, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Based on the allegations raised by Wivell, a finding in his favor would imply the invalidity of his Adams County criminal prosecution before Judge Kuhn. See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005).

Under the standards announced in Heck and Gibson, Wivell cannot presently recover compensatory damages with respect to the challenged actions

taken by Judge Kuhn during the course of his criminal proceedings.  Rather, his present cause of action for monetary damages cannot proceed until his underlying state criminal prosecution is rendered invalid.  If Plaintiff is able to successfully challenge Judge Kuhn's decisions, under <u>Heck</u>, he may then reassert his present claims for damages in a properly filed civil rights complaint.  Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

    s/   James F.McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-07-1198 |
| | : | |
| JUDGE JOHN KUHN, | : | (Judge McClure) |
| | : | |
| Defendant | : | |

**ORDER**

July 9, 2007

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

    2.    The Clerk of Court is directed to close the case.

1

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    s/   James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge